# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 04-339 |
| BARRY SMITH | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Barry Smith's Motion for Reconsideration of his Motion for a Reduction of Sentence (Doc. #80) is **DENIED**.

## BACKGROUND

On June 15, 2005, Smith pleaded guilty to possession with the intent to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2), and knowingly possessing three firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3).[1] After reviewing Smith's presentence investigation report, this court determined that Smith had a total offense level of 31 and a criminal history category of VI, making his advisory guideline sentencing ranges 188 to 235 months for Count 2, and 60 months for Count 3, to be served consecutively to any sentence imposed on Count 2. On January 4, 2006, after denying Smith's motion for a sentence reduction below the advisory guideline sentencing range, this court sentenced Smith to serve 188 months as to Count 2 and 60 months as to Count 3 in the custody of the Bureau of Prisons, to be served consecutively.

In 2007, the United States Sentencing Commission lowered the base offense level for cocaine base ("crack") offenses by two levels, and made the amendment retroactive. As a result, Smith's total offense level was lowered to 29, which made his revised advisory guideline sentencing range

---

[1] Counts 1 and 4 of the Indictment were dismissed at sentencing.

151 to 188 months for Count 2. As a result, this court reduced Smith's sentence for Count 2 to 151 months.[2]

In 2010, Congress enacted the Fairness in Sentencing Act of 2010, which amends several subsections of 21 U.S.C. § 841 to decrease the criminal penalties for particular cocaine base offenses. Thereafter, the United States Sentencing Commission amended the sentencing guidelines to retroactively reduce the base offense levels for cocaine base offenses. On February 2, 2012, Smith, citing the Fairness in Sentencing Act of 2010 and the subsequent amendments to the sentencing guidelines, filed a Motion for Reduction of Sentence seeking a reduction of his sentence as to Count 2 to from 151 months to 110 months. This court determined that the amended guideline range for Count 2 was 130 to 162 months, granted the motion, and reduced Smith's sentence to 146 months as to Count 2. In its comments regarding the sentence, this court noted that "[s]entence is imposed at the middle of the revised guideline range due to the defendant's significant prison disciplinary record."

On June 12, 2012, Smith filed a motion for reconsideration arguing that the revised sentence should have been at the bottom of the revised advisory guideline range because his previous sentences for Count 2 were at the bottom of the applicable guideline ranges.

**ANALYSIS**

Pursuant to 18 U.S.C. § 3582(c)(2):

> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion

---

[2] The amendments did not affect Smith's sentence on Count 3.

2

of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)[3] to the extent that

---

[3] Title 18, United States Code, Section 3553(a) states:

**(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed--

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such

3

> they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

In reviewing a motion for a sentence reduction, the district court determines, in its discretion, "(1) whether, and to what extent a sentence modification is authorized, and (2) whether any reduction is warranted in light of any applicable 18 U.S.C. § 3553(a) sentencing factors." United States v. Westbrook, 2012 WL 3931130, *1 (5th Cir. 9/10/12) (citing Dillon v. United States, 130 S.Ct. 2683, 2691-92 (2010)). The court is not obligated to reduce an inmate's sentence. Id.

In this case, this court reviewed Smith's motion for a sentence reduction, and considered the 18 U.S.C. § 3553(a) sentencing factors. This court considered the fact that Smith has had a significant prison disciplinary record that included violent incidents in determining that a sentence reduction at the middle of the revised advisory guideline range was appropriate. Further reduction

---

> guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> **(5)** any pertinent policy statement--
>
> **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> **(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. [FN1]
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> **(7)** the need to provide restitution to any victims of the offense.

4

of Smith's sentence is not warranted under these circumstances, and his motion for reconsideration is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Barry Smith's Motion for Reconsideration of his Motion for a Reduction of Sentence (Doc. #80) is **DENIED**.

New Orleans, Louisiana, this __20th__ day of September, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**